WILLIAM SIGOURNEY & another *vs.* WILLARD SEVERY.

The holder of a witnessed promissory note, payable to a person named therein or bearer, may maintain an action thereon, for his own use, in the name of the administrator of the payee, after the expiration of six years from the time when the cause of action accrued, provided the action is brought with the consent of such administrator

THIS action was brought on a promissory note, of which the following is a copy : —

" OXFORD, May 13th, 1828. For value received, I promise to pay Andrew Sigourney, or bearer, thirty-two dollars in thirty days, and interest till paid. Willard Severy. Attest, Benj. F. Town."

The case was submitted to the court, upon an agreed statement of facts, from which it appeared, that in the year 1832, Andrew Sigourney, the payee mentioned in the note, sold and delivered the same to Nahum Sibley, for a valuable consideration ; that in 1838, Andrew Sigourney died, and the plaintiffs were appointed his administrators ; that they have administered on the estate, and have settled an account purporting to be their final administration account in the probate office ; that the note in suit was not on the inventory of the estate of Andrew Sigourney, and has never been his property, or belonged to his estate since the sale and transfer thereof to Sibley ; and that this action was brought in the names of the administrators of Andrew Sigourney, with their consent, but without any assignment of the note to them or to the estate.

If the court should be of opinion, that the plaintiffs can maintain this suit, a default is to be entered, otherwise the plaintiffs are to become nonsuit.

*C. D. Bowman*, for the plaintiffs.

*E. Fuller*, for the defendant.

METCALF, J. We consider the question in this case as settled by the decision in *Hodges* v. *Holland*, 19 Pick. 43. That was an action on a note made payable to the plaintiff, or order, and which he had indorsed over, for a valuable consideration, before action brought. It was there said by Mr. Justice Putnam, that the *St.* of 1786, *c.* 52, § 5, (which is like the Rev. Sts. *c.* 120, § 4, on which the present case turns,) " does not require that the action shall be brought by the promisee for his own use, or otherwise ; but he may maintain the action, and recover all the money which should be due upon a litigation between the original parties. And it is of no consequence to the maker, whether the promisee shall put

the money into his own pocket, or pay it over honestly to him to whom it has been equitably or legally transferred And if the action is brought for the benefit of the indorsee or *bona fide* holder, without any objection on the part of the payee, it furnishes no legal or equitable defence to the maker."

Now if an action can be maintained on a note payable to A. or order, when brought in the payee's name, with his consent, for the benefit of the holder, to whom he has transferred it by indorsement, so may an action on a note payable to A. or bearer be maintained in his administrators' names, with their consent, for the benefit of the holder to whom he has transferred it by delivery. There might be a difference between the two cases, if the administrators, by consenting that such action be brought in their names, rendered the estate of their intestate liable to costs, on failure to support the action. But, by our system of law, administrators are personally liable for costs, when they bring actions in their representative capacity, which they cannot support; and they can be indemnified out of their intestate's assets, only by the allowance of the court of probate, upon their showing that such costs are a just charge upon those assets. If costs were incurred by administrators, in a suit like the present, no court of probate would allow them to be a charge upon the deceased's estate.     *Judgment for the plaintiffs.*